Marshak,
 
 Ch. J.
 

 delivered the opinion of the Court as follows:
 

 This suit was brought by the Plaintiffs in error, in the Circuit Court of the United States, for the district of Rhode Island, to recover from the Defendants the amount of certain bills drawn by general Le Clerk on the government of France.
 

 The declaration contains several counts, some special, stating agreements between the pallies for the payment of the bills; others general, among which is a count for money had and received by the Defendants, to the use of the Plaintiffs.
 

 It appeared, at the trial, that the Plaintiffs and John L. Boss, were concerned in certain commercial speculations, in the prosecution of which John L. Boss sailed, in 1802 and 1803, to Bourdeaux, in the Polly,, with cargoes in which they were jointly interested. On the first voyage, Boss carried with ¡dm the bills of exchange for the amount of* which this suit was brought, indorsed ,in blank by the Gardner, which he delivered to
 
 *42
 
 the Defendants for collection. The amount, when coileeted, was to be placed to the credit of the return cargo of the Polly, m which the Plaintiffs and John L. Boss were jointly concerned. The account was settled without giving credit for the amount of these
 
 hills;
 
 and Taber, Gardner and Boss have been compelled to pay the balance acknowledged to be due. This action was brought to charge the Defendants with the bills, alleging, that their amount has been received.
 

 At the trial, the Plaintiffs offered Boss as a witness, for the purpose of proving the ^ability of the Defendants for the amount of the bills. He swore that he had no interest, in the cause, nor in the
 
 bills;
 
 but his testimony was objected to by the Defendants on the ground of his being interested
 
 ;
 
 and the Court was moved to instruct the jury that the action could not be sustained, because Boss was not a party Plaintiff in the declaration. This direction was given by the Court, and excepted to by the counsel for the Plaintiffs. A verdict and judgment were rendered for the Defendants, whi9h,are brought into this Court by writ'of error.
 

 The Defendants in error contend, that the mils of exchange were part of the cargo of the Polly, and consequently the joint property óf tlie owners of that cargo. But of this there is no other evidence than that Boss was the bearer of those bills indorsed in blank, and that tlmir proceeds, if received, were to. be placed to the account of the return cargo.. . This might very well be, and yet Taber and Gardner remain the sole owners of the bills. Their amount, if received, might be credited to all the partners ih .their account with Perrott and Lee, and then be credited to-Taber and
 
 Gardner
 
 in settling the accounts of the partnership.. Boss then would have no interest in the bills, unless they should be collected and' carried to the credit of the return cargo. That account having been settled without including this item, it is not necessarily implied, from the facts in the case,' that Boss was interested ; and he swears that lie was not.- This Court is of opinion that the Circuit Court erred in directing the testimony of Boss to be
 
 disregarded;
 
 and also in directing the jury to find for the Defendants because he was not made a party Plaintiff in the suit.
 

 
 *43
 
 Several other opinions were given by the judge, to whith exceptions were taken j- but it is unnecessary, to review them as they depended oh tin- opinion that Boss was interested in the bills for whicii the action >was brought.
 

 The judgment is reversed, and the cause sent back for a new trial.